(No. 4271- )

HAROLD CRUGER, DOING BUSINESS AS THE PRESS PUBLICATIONS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1950.*

JOSEPH S. PERRY, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Harold Cruger, doing business as The Press Publications, filed complaint herein to recover for the damages to his automobile sustained in an accident on November 10, 1949. The car was a 1949 Cadillac, purchased in June of 1949, and, just prior to the accident in question, was in good mechanical condition and repair.

The accident occurred on Dempster Street just east of its intersection with Milwaukee Avenue in the City of Chicago, Cook County, Illinois. Dempster Street is designated as U.S. Route 14, and Milwaukee Avenue is marked State Route No. 21. By reason of being a part of the system of State highways, Dempster Street is under the control of the Department of Public Works and Buildings for the purposes of operation, maintenance, etc. Dempster Street, at the point in question, is a four-lane highway running in an easterly and westerly direction, and several days prior to November 10, 1949, an excavation was made in the north half of the pavement for the purpose of repairing same.

On the night of November 10, 1949, Milton John

Cruger, son of claimant, accompanied by a young lady, drove to a dance hall in Skokie, and at approximately 11:15 P.M. was returning home. Shortly after 11:15 P.M. he was driving west on Dempster Street at approximately 38 to 40 m.p.h., and when just east of the intersection of Route 21 he suddenly saw barricades ahead of him. He applied his brakes, but struck the barricades and large chunks of concrete on the pavement, lost control of the car, and landed in the ditch on the north side of the highway with the car headed south. Neither he nor his companion received any personal injuries. The car was considerably damaged along the front, right side and underneath.

The driver of the car testified that there were no warning signs east of the barricades, and that there were no flares or smudge pots burning at the barricade. The driver did not know of the repairs being made on Dempster Street.

John Henning also testified at the request of claimant, and stated that he was a Highway Deputy Sheriff for Cook County. He testified that he received a call at headquarters about 1:00 A.M. advising that there had been an accident just east of Dempster Street and Milwaukee Avenue; that he went immediately to the scene of the accident, and that he found no warning signals or flares east of the barricades to warn approaching motorists. He further testified that there were barricades on the highway protecting a small hole in the highway, and around the hole were several large blocks of concrete. He testified that there were smudge pots at the barricade, but that none were lighted, and, although they were filled with fuel, they would not stay lit when he attempted to light them himself. He states that he then called the Highway Department advising them of the condition. Hen-

ning further testified that a complaint was received at their headquarters at approximately 10:50 P.M. on November 10, 1949, that the lights at this barricade were out, and headquarters notified respondent's highway section man.

The testimony of Milton John Cruger and John Henning is undisputed, and no objections were made by respondent to any of their testimony.

The departmental report on file herein is not responsive to the testimony of claimant's witnesses. The report states that at sun down seven smudge pots were burning at the barricades, and one smudge pot was illuminating the barricade sign about 500 feet east of the barricades. The report further states that at 1:45 A.M., more than two hours after the accident in question, three smudge pots were burning at the northeast, southwest and southeast corners of the barricade area and the "barricade" sign was illuminated. However, the report is silent on the crucial fact of whether the smudge pots were lighted at the time of the accident.

We therefore conclude that claimant has made out a case of negligence on the part of respondent. *Toler* v. *State,* 16 C.C.R. 315; *Dockry* v. *State,* 18 C.C.R. 177; *Caudle* v. *State,* No. 4148, opinion filed October 20, 1949; *Rickelman* v. *State,* No. 4195, opinion filed October 20, 1949.

Claimant's automobile was repaired at Les Bierk Chevrolet Inc., Elmhurst, Illinois. The amount of the reasonable repairs for the damages sustained was $714.17. Claimant had no collision insurance.

An award is, therefore, entered in favor of claimant, Harold Cruger, doing business as The Press Publications, in the amount of $714.17.